IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIMBERLY ANDRESS, and GEORGE ANDRESS, Individually and as H/W,** <br> **Plaintiffs,** <br><br> v. <br><br> **NATIONSTAR MORTGAGE, LLC, BANK OF AMERICA, N.A, and JOHN DOES 1-10,** <br> **Defendants.** | **CIVIL ACTION** <br><br><br><br><br> **NO.  15-1779** |

**DuBois, J.**                                                                                       **September 30, 2015**

## M E M O R A N D U M

### I.      INTRODUCTION

This case is based on the servicing of plaintiffs Kimberly and George Andress's ("plaintiffs") home mortgage by defendants Bank of America, N.A., ("BOA") and Nationstar Mortgage, LLC, ("Nationstar"). Presently before the Court is defendant BOA's Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss"), filed July 30, 2015, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court grants the Motion. Plaintiffs' claim against BOA under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., is dismissed without prejudice to plaintiffs' right to file a second amended complaint if warranted by the facts and applicable law. Plaintiffs' remaining claims against BOA are dismissed with prejudice.[1]

### II.     BACKGROUND

The facts in plaintiffs' Amended Complaint relating to BOA are few. Plaintiffs' home mortgage was obtained from a third party not joined in this action "several decades ago." Am.

---

[1] The instant Motion to Dismiss concerns only the claims against defendant BOA. All of plaintiffs' claims against defendant Nationstar remain.

Compl. ¶ 8. "Approximately eight years ago," the mortgage was purchased by BOA. Am. Compl. ¶ 9. In 2012, BOA sold the mortgage to Nationstar. Am. Compl ¶ 10. Plaintiffs made all mortgage payments timely. Am. Compl. ¶ 12. In 2013, after the sale of the mortgage by BOA, Nationstar began contacting the plaintiffs to inform them that they were in default on the loan due to six months of nonpayment to BOA. Am. Compl. ¶ 11. Plaintiffs allege that this was due to BOA incorrectly recording or failing to record mortgage payments made by plaintiffs. Am. Compl. ¶ 13. Nationstar subsequently foreclosed on the mortgage. Am. Compl. 19.

On April 6, 2015, plaintiffs filed suit in this Court. Following the filing of BOA's first Motion to Dismiss on June 4, 2015, plaintiffs filed an Amended Complaint on July 13, 2015. Plaintiffs' Amended Complaint includes claims based on a variety of consumer protection statutes, including (1) violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692a, 1692e; (2) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1694, et seq.; (3) violation of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270; (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq.; (5) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, et seq.; and, in addition, (6) a common law claim for loss of consortium. BOA filed the instant Motion to Dismiss on July 30, 2015.

### III. APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss. To survive a motion to dismiss, a plaintiff must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir.

2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions."  *Twombly*, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679.  The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief.  *Id.*

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). However, the Court may dismiss a claim with prejudice based on "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

## IV.    DISCUSSION

Plaintiffs have consented to dismissal without prejudice of all of the claims except the claim under UTPCPL. However, the Court will consider the merits of the other claims briefly to determine whether the claims ought to be dismissed with prejudice.

### 1. FDCPA

The Court concludes that plaintiffs' claim against BOA under FDCPA must be dismissed with prejudice because the claim is time barred and BOA is not a "debt collector" under the statute. An action pursuant to FDCPA must be brought within one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d). Further, FDCPA defines "debt collector" as "any

person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Creditors who collect a debt in their own name are not subject to FDCPA. *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000).

In this case, BOA sold the mortgage at issue to Nationstar in 2012. There is no allegation that BOA attempted to collect any debt after 2012 and therefore plaintiffs' FDCPA claim is time-barred. Because BOA was a creditor and there is no allegation that BOA attempted to collect a debt under any other name, BOA was not a debt collector for purposes of the FDCPA and cannot be liable under that statute. Accordingly, amendment of the FDCPA claim against BOA would be futile and it is dismissed with prejudice.

### 2. ECOA

The Court concludes that plaintiffs' claim against BOA under ECOA must be dismissed with prejudice because plaintiffs did not apply for and were not denied credit from BOA and they are not members of an ECOA protected class. ECOA prohibits discrimination in any aspect of a credit transaction on the basis of "race, color, religion, national origin, sex or marital status, or age," whether "all or part of the applicant's income derives from any public assistance program," or whether "the applicant has in good faith exercised any right under this chapter." 15 U.S.C. § 1691(a). To establish a prima facie case under ECOA, plaintiffs must show that (1) they were members of a protected class; (2) they applied for credit from defendant; (3) they were otherwise qualified for the credit; and (4) despite being qualified, they were denied credit. *Chiang v. Veneman*, 385 F.3d 256, 259 (3d Cir. 2004).

The Amended Complaint lacks any allegation that plaintiffs ever applied for and were denied credit by BOA or that plaintiffs are members of a protected class for ECOA purposes.

The sole allegation is that BOA failed to correctly credit their payments to their account prior to selling the mortgage to Nationstar. There is no cognizable ECOA claim against BOA possible on the facts alleged in plaintiffs' Amended Complaint. Accordingly, amendment of the ECOA claim against BOA would be futile and it is dismissed with prejudice.

### 3. FCEUA

The Court concludes that plaintiffs' claim against BOA under FCEUA must be dismissed with prejudice because there is no allegation that BOA engaged in any attempt to collect a debt from plaintiffs. FCEUA prohibits "unfair methods of competition and unfair or deceptive acts or practices with regard to the collection of debts." 73 P.S. § 2270.2. "Creditors" are defined by FCEUA as "a person . . . conducting business under the name of a creditor . . . to whom a debt is owed or alleged to be owed." 73 P.S. § 2270.3. FCEUA forbids creditors from engaging in specific enumerated practices in the collection of debts owed to them. 73 P.S. § 2270.4.

Plaintiffs' Amended Complaint does not include any allegation that BOA engaged in any attempt to collect a debt, let alone in one of the statutorily forbidden debt collection practices. All of the alleged debt collection activities in the Amended Complaint were conducted by Nationstar, not by BOA. Am. Compl. ¶¶ 16-18, 23-26. Because BOA did not attempt to collect a debt from plaintiffs, there is no cognizable claim under FCEUA. Accordingly, amendment of the FCEUA claim against BOA would be futile and it is dismissed with prejudice.

### 4. RESPA

The Court concludes that plaintiffs' claim against BOA under RESPA should be dismissed without prejudice. RESPA imposes a number of different notice requirements on mortgage servicers and a duty on servicers to respond to borrower inquiries. 12 U.S.C. § 2605. RESPA requires that a loan servicer must respond to a "qualified written request" from a

borrower within thirty days of receipt of the request. 12 U.S.C. § 2605(e). If a loan servicer fails to provide notices required by RESPA or respond to a borrower's qualified written request, the servicer is liable for damages incurred as a result of such failures. 12 U.S.C. § 2605(f).

In this case, plaintiffs have failed to identify any RESPA-required notice not provided or qualified written request to BOA to which BOA failed to respond. Plaintiffs' claim under RESPA is a bare recitation of the requirements of the statute. Moreover, plaintiffs do not set forth in the Amended Complaint any facts supporting the allegation that BOA violated the statute. Plaintiffs merely allege that "at all times material, Plaintiffs made written requests and complaints to Defendants" without stating when these requests were made or even if the requests were made to BOA. Am. Compl. ¶ 38.

Accordingly, plaintiffs have failed to allege sufficient facts to state a plausible claim upon which relief can be granted. In addition, plaintiffs have agreed to dismissal of this claim without prejudice. Because the RESPA claims were not included in plaintiffs' initial Complaint and because the Court cannot conclude based on plaintiffs' Amended Complaint that amendment of the RESPA claims would be futile, plaintiffs' claim against BOA under RESPA is dismissed without prejudice.

### 5. UTPCPL

The Court concludes that plaintiffs' claim against BOA under FCEUA must be dismissed with prejudice because plaintiffs cannot show justifiable reliance on any conduct by BOA. To assert a claim under UTPCPL, plaintiffs must show that defendant engaged in "unfair methods of competition" or "unfair or deceptive acts or practices" in the conduct of trade or commerce. 73 P.S. ¶ 201-3. In addition to statutorily enumerated unfair practices, under the "catch-all" provision, defendant is liable for "engaging in any other fraudulent or deceptive conduct which

creates a likelihood of confusion or misunderstanding." 73 P.S. § 201-2(4)(xxi). To assert a private right of action under the UTPCPL, plaintiffs must have suffered an "ascertainable loss . . . as a result of the use or employment by any person of a method, act, or practice declared unlawful" by § 201-3. 73 P.S. § 201-9.2. Where private plaintiffs allege deceptive conduct under the catch-all provision, the plaintiffs must make "a showing of justifiable reliance, not simply a causal connection between the misrepresentation and the harm." *Hunt v. U.S. Tobacco Co.*, 538 F. 3d 217, 222 (3d Cir. 2008) (citing *Weinberg v. Sun Co.*, 777 A.2d 442 (Pa. 2001)). Justifiable reliance requires plaintiffs to show that defendant's conduct caused plaintiffs to engage in "detrimental activity." *Id.* at 227.

Count V of plaintiff's Amended Complaint consists of nothing more than a conclusory statement rephrasing the terms of UTPCPL. Plaintiffs have not identified any enumerated UTPCPL activity engaged in by BOA. Even assuming that plaintiffs' claim is based on the catch-all provision, plaintiffs have not alleged any facts which, if true, show justifiable reliance on BOA's conduct. The only allegations in the Amended Complaint relating to BOA's conduct are that BOA transferred inadequate records to Nationstar during the sale of plaintiffs' mortgage. Furthermore, plaintiffs' Amended Complaint concedes that they were unaware of any deceptive conduct on BOA's part until after the sale of the mortgage to Nationstar and the subsequent foreclosure. Accordingly, plaintiffs cannot show justifiable reliance on any conduct of BOA because they were unaware of BOA's alleged misconduct. Because plaintiffs were unaware of BOA's conduct and therefore could not have acted in justifiable reliance on it, there is no cognizable claim against BOA for violation of UTPCPL. *See Hunt*, 538 F.3d at 227 (affirming dismissal of UTPCPL claims where plaintiff had "not alleged that [defendant's] deception induced him to . . . engage in any other detrimental activity"). For these reasons, the Court

concludes that amendment of the UTPCPL claim against BOA would be futile and it is dismissed with prejudice.

### 6. Loss of Consortium

Plaintiffs' claim against BOA for loss of consortium must be dismissed with prejudice because plaintiffs have not alleged any injury to a spouse, much less a negligent injury. Pennsylvania recognizes a common law tort for loss of consortium. "[A]ny interference with this right of consortium by the negligent injury to one spouse, should afford the other spouse a legal cause of action to recover damages for that interference." *Burns v. Pepsi-Cola Metropolitan Bottling Co.*, 510 A. 2d 810 (Pa. Super. Ct. 1986) (quoting *Leo v. Bottman*, 40 Wash. Co. 105, 108-109 (Pa. 1960)). "It is well settled that the claim is derivative, emerging from the impact of one spouse's *physical* injuries upon the other spouse's marital privileges and amenities." *Darr Const. Co. v. W.C.A.B. (Walker)*, 715 A.2d 1075, 1080 (Pa. 1998) (emphasis added).

Plaintiffs' Amended Complaint alleges violations of numerous consumer protection statutes. Plaintiffs cite no authority supporting a claim for loss of consortium based on violation of these statutes in the absence of tortious injury. A loss of consortium claim can only compensate a spouse for the loss of spousal services caused by the other spouse's physical injuries, and thus there is no cognizable loss of consortium claim on the facts alleged in plaintiffs' Amended Complaint. Accordingly, amendment of the loss of consortium claim against BOA would be futile and it is dismissed with prejudice.

### V. CONCLUSION

For the foregoing reasons, the Court grants defendant BOA's Motion to Dismiss. Plaintiffs' claims against BOA under FDCPA, ECOA, FCEUA, and UTPCPL and plaintiffs' claim for loss of consortium against BOA are dismissed with prejudice. Plaintiffs' claim against

BOA under RESPA is dismissed without prejudice to plaintiffs' right to file a second amended complaint within twenty (20) days if warranted by the facts and applicable law. An appropriate order follows.